**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JILL HETZEL,<br><br>*Plaintiff,*<br><br>v.<br><br>RAY MABUS, SECRETARY,<br>DEPARTMENT OF THE NAVY,<br><br>*Defendant.* | Civil Action No.: 15-cv-7271 (PGS)(TJB)<br><br><br><br>**MEMORANDUM<br>AND<br>ORDER** |

**SHERIDAN, District Judge.**

**Facts and Procedural History**:

Plaintiff Jill Hetzel ("Hetzel" or "Plaintiff") brings a discrimination action against Defendant Ray Mabus, Secretary, Department of the Navy ("Defendant"). This is a *partial* motion to dismiss the Third Amended Complaint ("TAC"). On April 14, 2016 the Court dismissed the Second Amended Complaint ("SAC") without prejudice. (ECF No. 15). The Court noted that the opposition brief for the second motion to dismiss contained more detailed factual allegations than the SAC, and commingled facts with non-pled facts. Plaintiff filed her TAC on April 27, 2016 (ECF No. 16), and Defendant filed its motion to dismiss on May 25, 2016 (ECF No. 20).

The TAC brings three counts. It is noteworthy that Plaintiff incorporates some facts in her opposition brief that are not included in her TAC. Since this is the third opportunity, the Court will only rely on the facts mentioned in the TAC.

Count one alleges sex discrimination in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*, and Title VII, 42 U.S.C. § 2000e-16 and § 2000e-5. Count two alleges hostile work environment on account of sex in violation of the same statutes. Count three alleges disability discrimination in violation of the same statutes. Defendant seeks dismissal of counts one and two, and partial dismissal of count three.

The TAC states that Plaintiff was employed as a Child Youth Program Assistant. (TAC, ¶ 22). Her pregnancy was confirmed on or about April 11, 2011. She developed complications with her pregnancy, and placed on light duty in April 2011. (TAC, ¶ 2). In regard to the light duty, Plaintiff's supervisor, Michele Caveat, then said, "come on Jill, are you serious?" (TAC, ¶ 6). Caveat, also purportedly began making comments regarding the number of times Plaintiff used the restroom during her pregnancy, and said "not to get pregnancy crazy." (TAC, ¶ 24).

The TAC alleges that Plaintiff was sent to a pre-toddler room when the infant room closed down, and that Hetzel was told she could not return to the infant room when it was reopened. (TAC, ¶ 25). According to the TAC, Plaintiff was informed that her employer was not putting any more pregnant women in the infant room, which appeared to be a new policy. (TAC, ¶26). Plaintiff alleges that Defendants began a pattern of retaliation against her after she raised concerns about not being able to go to the infant room. (TAC, ¶ 27). The TAC also claims that Plaintiff's co-workers and supervisors falsely stated that she was engaging in inappropriate workplace behavior. (TAC, ¶ 28).

The TAC further alleges that an incident occurred after Plaintiff's pregnancy, where a child was injured in her room, and Plaintiff was criticized for this by her co-workers and supervisors, even

though another co-worker had assisted. (TAC, ¶ 29). Hetzel was then terminated, and Plaintiff claims that this was because she was a woman, pregnant and had a disability. (TAC, ¶ 30).

On or about January 16, 2012, Hetzel filed an Equal Opportunity complaint. (See Declaration of Deputy EEO Officer Mary Balcher ("Balcher Decl."), ECF No. 20-3, ¶ 3). She indicated that she was alleging discrimination on the basis of disability, and wrote "pregnancy" next to the box. (Balcher Decl, ¶ 4; TAC., ¶ 5). On April 13, 2012, the EEO office at Naval Submarine Base New London issued a notice to Plaintiff that it was accepting for investigation the claim that she was "discriminated against based on Physical Disability (Pregnancy) when terminated on 15 September 2011," gave plaintiff an opportunity to correct any misidentified claims within 7 days, and informed her that the complaint was limited to the claims discussed with the EEO Specialist. (Balcher Decl, Ex. B.). On November 7, 2012, an Investigations and Resolutions Division ("IRD") investigator took a statement from Plaintiff. (Balcher Decl., ¶ 6). On December 8, 2015, the Navy issued a Final Agency Decision finding no evidence of discrimination based upon her physical disability due to her pregnancy, and that Plaintiff had failed to establish the threshold requirement that she was a "person with a disability" because she did not provide evidence that she had a "physical or mental impairment which substantially limits one or more of her major life activities…" (Balcher Decl, ¶ 11, Ex. H). Plaintiff brought this lawsuit on October 1, 2015. (ECF No. 1).

**Legal Standard:**

**Motion to Dismiss**

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the

3

non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal,* 556 U.S. at 678-79; *see also Morse v. Lower Merion School District,* 132 F.3d 902, 906 (3d Cir. 1997). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp.,* 223 F.3d 165, 173 (3d Cir. 2000), *cert. denied, Forbes v. Semerenko,* 531 U.S. 1149, 121 S. Ct. 1091 (2001).

**Analysis:**

As a preliminary matter, Plaintiff is not opposing Defendant's motion to dismiss the portions of Count I and II asserting a cause of action for sex discrimination or hostile work environment under the Rehabilitation Act, acknowledging that the Rehabilitation Act provides the exclusive remedy for employment discrimination based on disability. Plaintiff is also not opposing Defendant's motion to dismiss Count III, to the extent it alleges a claim for disability discrimination under Title VII. These claims are all dismissed. Finally, Defendant does not object to Plaintiff bringing a cause of action for disability discrimination pursuant to the Rehabilitation Act. This claim may proceed in Count III.

**I.   Failure to Exhaust**

4

Defendant's first argument is that Plaintiff failed to timely exhaust her claims for sex discrimination, hostile work environment, and retaliation. "Failure to timely exhaust administrative remedies is an appropriate basis for granting a Rule 12(b)(6) motion to dismiss." *Smith v. Pallman*, 420 Fed. Appx. 208, 212 (3d Cir. 2011). The employee must first contact an EEO counselor within 45 days of the alleged discriminatory act, and then file a formal administrative complaint within 15 days of receiving a notice of right to sue letter, and then either appeal the agency's final decision to the EEOC or file a civil action in federal district court within 90 days of receiving the decision. See 29 C.F.R. §§ 1614.105-1614.109, 1614.491, 1614.407(a); *Green v. Postmaster Gen.*, 437 Fed. Appx. 174, 177 (3d Cir. 2011).

Here, Plaintiff first contacted the EEO counselor on October 3, 2011, had a final interview with the counselor on December 29, 2011, and filed a formal EEO complaint on January 16, 2012. (See Belcher Decl., Ex. A). Plaintiff only marked one box on the EEO complaint form ("DISABILITY"), and next to it she wrote, "Physical, Pregnancy," even though there were boxes to check for "SEX" discrimination and "REPRISAL." (*Id*). On November 7, 2012, Plaintiff provided a declaration stating that her "claim is based on having a disabling impairment." (Balcher Decl., Ex. D at 3). When describing her impairment she said, "I was pregnant." (*Id*). The Pregnancy Discrimination Act of 1978 amended Title VII to prohibit sex discrimination on the basis of pregnancy. See 42 U.S.C. § 2000e(k) ("the terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions.").

If discrimination is not alleged by an employee in an EEO complaint, then the employer does not have to investigate it, unless such discrimination can "reasonably be expected to grow out of the charge" of the original claim. *Ostapowicz v. Johson Bronze Co.*, 541 F.2d 394, 398-

399 (3d Cir. 1976); *see also Melton v. United States Social Sec. Admin.*, 2011 WL 3652513, at *4-6 (E.D. Pa. Aug. 18, 2011) (dismissing race and gender discrimination claim for failure to exhaust where plaintiff only checked "Retaliation/Reprisal" box on her EEO Compliant). Defendant asserts that Plaintiff's sex discrimination, hostile work environment on account of her sex, and retaliation claims could not be reasonably expected to grow out of her disability discrimination claim. *See Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997) ("the purposes of the exhaustion requirement are to promote administrative efficiency, 'respect executive autonomy by allowing an agency the opportunity to correct its own errors,' provide courts with the benefit of an agency's expertise, and serve judicial economy by having an administrative agency compile the factual record.").

In response, Plaintiff says that she clearly indicated on her EEO complaint that her discrimination was based on "Pregnancy." In the TAC, Plaintiff added that she was pro se when filing the EEOC complaint. Defendant, however, disputes this assertion in that Plaintiff retained counsel during the pendency of her EEOC matter in April 2014. (Balcher Decl., ¶ 8, Ex. F). Plaintiff and her attorney had until October 6, 2015, the date she received her Final Agency decision, to amend her complaint. See 29 CFR § 1614.106(d) ("a complainant may amend a complaint at any time prior to the conclusion of the investigation to include issues or claims like or related to those raised in the complaint.")

Nevertheless, the Court agrees with Plaintiff that it is clear from her complaint that she intended to bring claims on sex discrimination, even if she checked the wrong box. When asked about her disability, Plaintiff said that she was pregnant. Defendant was on ample notice that her sex discrimination claims could reasonably be expected to grow out of her disability discrimination claim. The main purpose of filing an EEOC complaint is to notify the agency of

the program so that they can investigate. *See Anjelino v. New York Times*, 200 F.3d 73, 94 (3d Cir. 1999). Also, "In determining the content of the original complaint for purposes of applying this regulation, we keep in mind that charges are most often drafted by one who is not well versed in the art of legal description. Accordingly, the scope of the original charge should be liberally construed." *Hicks v. ABT Assoc., Inc.*, 572 F.2d 960, 965 (3d Cir. 1978).

The Court will not dismiss the sex discrimination and hostile work environment on account of sex claims on failure to exhaust grounds.

## II. Failure to State a Claim

Alternatively, Defendant asserts that Plaintiff's hostile work environment claim fails to state a claim. "In order to state a claim under Title VII for discrimination resulting from a hostile work environment, an employee must show that '(1) the employee suffered intentional discrimination because of [her] sex, (2) the discrimination was pervasive and regular, (3) the discrimination detrimentally affected the [employee], (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position, and (5) the existence of *respondeat superior* liability.'" *Andreoli v. Gates*, 482 F.3d 641, 643 (3d Cir. 2007) (internal quotations omitted). "Not every sexual comment, action or joke creates a hostile work environment." *Brown-Baumbach v. B&B Auto, Inc.*, 437 Fed. Appx. 129, 133 (3d Cir. 2011). Instead, the actions must be "sufficiently severe or pervasive 'to alter the conditions of [the plaintiff's] employment and create an abusive working environment.'" *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)). Courts apply the totality of the circumstances test, which involves analyzing "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or

humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Mandel*, 706 F.3d at 168.

Plaintiff states that her co-workers and supervisors "began stating that she was engaging in inappropriate workplace behavior," (TAC ¶ 28), that she was criticized for using the bathroom too often, that she was blamed when a child was injured, and after her pregnancy was confirmed, her supervisor told her "not to get pregnancy crazy." (SAC ¶ 24). The behavior toward Plaintiff appears to have changed once Hetzel announced her pregnancy and the associated complications, to the point where it could have unreasonably interfered with her work performance. At the motion to dismiss stage, Plaintiff makes out a plausible claim for hostile work environment.

### III.   Retaliation

Finally, Plaintiff does not specifically plead "retaliation" as a count in the TAC, but makes reference to it in the TAC. To state a claim for retaliation, a plaintiff must establish that: "(1) the plaintiff engaged in protected activity; (2) the employer took a materially adverse action against the plaintiff; and (3) there exists a causal connection between the adverse action and the protected activity." *Lanza v. Postmaster Gen. of U.S.*, 570 F. App'x 236, 240 (3d Cir. 2014) (citing *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 231–32 (3d Cir. 2007)). A plaintiff asserting a retaliation claim must allege that she made a complaint "implicat[ing] an employment practice made illegal by Title VII." *Id.* at 203; *see also Spangler v. City of Philadelphia*, 523 F. App'x 142, 146 (3d Cir. 2013).

Defendant notes that the only instance Plaintiff identifies as a protected activity was "raising concerns about not being able to go to the infant room." (TAC, ¶ 27). Therefore, there are no allegations that Plaintiff engaged in a protected activity, or can show a causal connection between the protected activity and adverse action. Plaintiff has not responded to this in her

8

opposition. The Court finds that is not clear what her protected activity was, nor is it clear that there is a causal connection between that activity and the adverse action. Any retaliation claim is dismissed.

## ORDER

This matter having come before the Court on a Partial Motion to Dismiss the Third Amended Complaint by Defendant [ECF No. 20]; and the Court having considered the submissions of the parties, having heard oral argument on July 18, 2016, for the reasons set forth on the record, for the reasons stated herein, and for good cause shown,

It is, on this ____ day of August, 2016, hereby

**ORDERED** that the Motion to Dismiss [ECF No. 20] is **GRANTED IN PART and DENIED IN PART** as follows:

For count I, the sex discrimination claim may proceed under Title VII but not under the Rehabilitation Act,

For count II, the hostile work environment claim may proceed under Title VII but not under the Rehabilitation Act,

For count III, the disability discrimination claim may proceed under the Rehabilitation Act, but not under Title VII.

Any retaliation claim is dismissed with prejudice.

_____
PETER G. SHERIDAN, U.S.D.J.